# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RENEE TAYLOR-REEVES, | |
| Plaintiff, | Case No. 17-cv-05416 |
| v. | |
| MARKETSTAFF, INC., | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Renee Taylor-Reeves, proceeding *pro se*, sues Defendant Marketstaff, Inc. for retaliation under Title VII, 42 U.S.C. § 2000e, *et seq*. (Count I). [63]. Defendant moves to dismiss Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). [65]. For the reasons explained below, this Court grants Defendant's motion.

## I. Background[1]

### A. The Complaint's Allegations

Defendant operates a human resource staffing business in Illinois. [63] ¶¶ 8, 17. Plaintiff—an African-American female—began working for Bright Start Child Care & Preschool, Inc. (Bright Start) on August 20, 2013 as an instructor. *Id*. ¶¶ 11, 19, (Ex. 4). According to Plaintiff, Defendant hired her for this position. *Id*. ¶ 19.

---

[1] This Court takes the following facts from Plaintiff's Amended Complaint, [63], documents attached to the Amended Complaint, and documents central to the Amended Complaint and to which the Amended Complaint refers. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

1

On April 29, 2015, Plaintiff contacted an unnamed "agent" of Defendant to report that she felt ill and may have contacted strep throat, and thus would not be able to work the next day because she had scheduled a doctor's appointment. *Id.* ¶¶ 35, 37. At this time, two non-African-American teachers "were already out" due to strep throat. *Id.* ¶ 36. Defendant's agent requested that Plaintiff come in to work the next day and told Plaintiff that she could go to her doctor's appointment later in the day. *Id.* ¶ 38.

Plaintiff reported to work the next day, April 30, 2015, and became increasingly ill while in the classroom. *Id.* ¶¶ 37, 39. Therefore, she sent Defendant's agent a note requesting permission to leave work early so that she could see a doctor immediately. *Id.* ¶ 39. According to Plaintiff, the agent responded with a written message on the back of the note: "do what you need to do." *Id.* ¶ 40. Plaintiff subsequently left work to go see a doctor. [63] (Ex. 6).

Plaintiff's complaint states that, on April 30, at approximately 11:40 a.m., Plaintiff received an email from Defendant informing her that it considered Plaintiff "resigned" because she left the workplace without permission. *Id.* ¶¶ 21, 41.[2] Plaintiff alleges that Defendant did not terminate the two other non-African-American teachers absent from work due to strep throat. *Id.* ¶ 42.

---

[2] Plaintiff's Amended Complaint fails to specify whether Defendant considered her "resigned" on April 30, 2015 or 2016. *See, e.g.*, ¶¶ 37, 41. Because Plaintiff's retaliation claim fails to allege any protected activity in which she engaged, as discussed below, this Court finds the exact date of her termination immaterial to its analysis.

B. **Procedural History**

In 2016, Plaintiff sued Bright Start in Cook County Circuit Court alleging sexual harassment, racial discrimination, and retaliation in violation of the Illinois Human Rights Act. [10] ¶ 4; [10-2]. In July 2017, Plaintiff filed her initial complaint against both Defendant Marketstaff and Bright Start in this case. [1]. On October 10, 2017, this Court granted Plaintiff's motion to stay this case in light of the state court proceedings. [23]. Following a jury trial in state court, the jury reached a verdict in favor of Bright Start in January 2019. [66-2].[3]

On March 6, 2019, Plaintiff voluntarily dismissed Bright Start from this case. [59]. On April 4, 2019, this Court granted Plaintiff leave to file an amended complaint, but only if Plaintiff's counsel could do so consistent with his Rule 11 obligations. [60]. Plaintiff's counsel filed a motion to withdraw on April 17, 2019, [61], and Plaintiff filed the amended complaint now at issue on April 26, 2019. [63]. This Court granted the motion to withdraw on May 8, 2019, [64], and Defendant filed the present motion to dismiss, [65], on May 17, 2019.

II. **Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[3] This Court takes judicial notice of Plaintiff's proceedings in state court. *See GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

3

555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Thus, "threadbare recitals of the elements of a cause of action" and mere conclusory statements "do not suffice." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III. Analysis

Plaintiff alleges that Defendant retaliated against her when it terminated her for leaving the workplace without permission. [63] ¶ 41. Defendant argues that Plaintiff fails to state a claim because: (1) the Amended Complaint fails to plead that Plaintiff engaged in protected activity; (2) Plaintiff did not exhaust her administrative remedies; and (3) the state court fully litigated her claims at issue in this case to judgment, and thus res judicata bars this action. This Court agrees with Defendant and finds that Plaintiff's retaliation claim fails to allege that she engaged in any protected activity. In the alternative, this Court also finds that res judicata

4

bars the present action. As such, this Court need not consider Defendant's exhaustion argument.

### A. Plaintiff Failed to Allege Any Protected Activity

To sufficiently plead a retaliation claim under Title VII, a plaintiff must allege that she "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Under Title VII, protected activity includes "participating in a Title VII proceeding or opposing a practice made unlawful by Title VII." *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009) (citing 42 U.S.C. § 2000e-3(a)). Participating in a Title VII proceeding can include making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). The Amended Complaint does not allege that Plaintiff participated in any sort of Title VII proceeding. *See generally* [63]. Accordingly, this Court proceeds to consider whether Plaintiff opposed a practice made unlawful by Title VII.

When a plaintiff alleges that he or she opposed an unlawful practice, Title VII requires that the plaintiff "complained about an act that she 'reasonably believed in good faith . . . violated Title VII.'" *Firestine v. Parkview Health Sys.*, 388 F.3d 229, 234 (quoting *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (internal quotations omitted)). In construing what constitutes a reasonable belief, "[o]nly a groundless claim 'resting on facts that no reasonable person possibly could have

5

construed as a case of discrimination'" will not suffice. *Firestine*, 388 F.3d at 234 (quoting *Fine*, 305 F.3d at 752).

Here, this Court finds Plaintiff's retaliation claim sufficiently "groundless." Plaintiff alleges only that Defendant terminated her for leaving the workplace without permission, even though she requested leave to see a doctor for strep throat. [63] ¶¶ 35, 39. Simply put, no reasonable person could have considered requesting leave for strep throat to constitute opposing a discriminatory practice under Title VII, which prohibits discrimination based upon race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2; *Hobbs v. Potter*, 08 C 3713, 2009 WL 2746824, at *7 (N.D. Ill. Aug. 27, 2009) ("Opposing or complaining about discrimination through actions such as filing a grievance with an employer or a complaint with the EEOC may constitute statutorily protected activity under Title VII but only if it indicates that the discrimination occurred because of membership in some sort of protected class.") (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)).

Plaintiff attempts to insert a race-based element to her retaliation claim by alleging that Defendant allowed two non-African-American employees to take leave for strep throat without terminating them. [63] ¶¶ 36, 42. But this allegation still fails to set forth or otherwise explain any protected activity in which Plaintiff engaged. Instead, drawing all inferences in her favor, Plaintiff appears to allege that Defendant discriminated against her in how it applied its sick leave policies to different employees, based upon race. But such a claim is not before this Court; in fact, Plaintiff's Amended Complaint removed this exact race-based discrimination

claim, which she pled in her original complaint. *See* [1] ¶¶ 96−129. Absent any allegation of protected activity in which Plaintiff engaged, Plaintiff's Title VII retaliation claim fails to state a claim. Therefore, this Court dismisses the Amended Complaint.

### B. Res Judicata Bars Plaintiff's Action

In the alternative to the above finding, this Court finds that the doctrine of res judicata, or claim preclusion, bars Plaintiff's retaliation claim. Illinois claim-preclusion law, which applies to this analysis, 28 U.S.C. § 1738, has three basic requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Dookeran v. County of Cook*, 719 F.3d 570, 575 (7th Cir. 2013) (citing *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)). Here, the state court's judgment against Plaintiff on January 9, 2019, following a jury trial, satisfies this first requirement. [66-3].

As to the second element—the identity of the cause of action—Illinois uses the "transactional analysis." *Dookeran*, 719 F.3d at 575. This approach looks to whether the claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (1998)). The transactional analysis "permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id.* Here, a transactional analysis

demonstrates that Plaintiff's state court complaint, [66-1], and Amended Complaint, [63], arise from a single group of operative—and essentially identical—facts.

For example, the state court complaint alleges as follows: On April 29, 2015, Plaintiff told Bright Start's Assistant Director to inform her that she had strep throat and could not report to work the next day. *Id.* ¶ 35. At this time, two other teachers "were already out" due to strep throat. *Id.* ¶ 36. The Assistant Director ultimately requested that Plaintiff come in to work and told Plaintiff she could go to her doctor's appointment later that day. *Id.* ¶ 37. The next day, April 30, 2015, Plaintiff began feeling increasingly ill, and alleged that the Assistant Director responded "do what you need to do." *Id.* ¶ 39. Later, on April 30 at approximately 11:40 a.m., Plaintiff received an email from MarketStaff informing her that "she would be considered resigned" for leaving the workplace without permission." *Id.* ¶ 41.

In short, the two complaints appear to contain copy and pasted allegations arising out of the same request to attend a doctor's appointment for strep throat on August 30, 2015. *Compare* [63] ¶¶ 35−41 *with* [66-1] ¶¶ 35−41. In fact, Plaintiff appears to have simply substituted "agent of Defendant" for Bright Start's Assistant Director. *Id.* And although Plaintiff's state court complaint brought these allegations under a race-based discrimination and general "retaliation" theory, rather than a specific Title VII retaliation theory, [66-1] ¶¶ 63−85, Seventh Circuit law instructs that such a distinction remains irrelevant provided that the allegations arise from a single group of operative facts. *Arlin-Golf,* 631 F.3d at 821; *see also, e.g., Dookeran,* 719 F.3d at 575−76 (finding plaintiff's Title VII claims arose from the same basic

8

transaction as the relevant state court proceedings: the denial of his application for reappointment with his employer).

With respect to the third element—the parties' identity or their privities—this Court finds that privity exists between Defendant and Bright Start. Privity exists when "there is a commonality of interest between the two entities" and when they "sufficiently represent" each other's interests." *Studio Art Theatre v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996). The Seventh Circuit has explained that determining privity "is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2012) (quoting *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998)).

Here, Plaintiff herself alleges that Defendant and Bright Start worked closely together such that Defendant had the authority to hire, discipline and evaluate employees at Bright Start, essentially serving as Bright Start's human resource department. [63] ¶¶ 24−25, 30; *see also* [63] (Ex. 3) (e-mail from Defendant's Director of Human Resources directing Plaintiff to contact her, rather than Defendant's employees, regarding issues related to her employment); [63] (Ex. 5) (Bright Start employee handbook issued by Defendant). Given this close relationship, the identical facts at issue in the prior litigation, and the fact that all of Plaintiff's claims against Defendant arise out of her time at Bright Start, this Court finds that Bright Start and Defendant sufficiently represent each other's interests such that privity exists between them. *See, e.g., Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 823 (7th Cir.

9

2006) (finding privity between hospital and anesthesiologist group where group served as exclusive provider of anesthesiology services at the hospital and "[a]ll of the claims [plaintiff] alleged against the Hospital arose from his employment with [the group]"); *see also Studio Art Theatre*, 76 F.3d at 131 (finding privity in part due to "close relationship" between company and its president and the "clear congruence of legal issues").

Because this Court finds claim preclusion's three requirements satisfied, collateral estoppel bars Plaintiff's present action. *Dookeran*, 719 F.3d at 575.

## IV. Leave to Replead

Although, in general, Rule 15(a) states that trial courts "should freely give leave [to amend] when justice so requires," that command can be outweighed by factors such as "undue delay, bad faith, and futility." *Fish v. Greatbanc Trust Co.*, 749 F.3d 671, 689 (7th Cir. 2014). Here, Plaintiff's allegations do not warrant giving her leave to replead, as: (1) this Court reminded Plaintiff both in open court and on the record that her amended complaint, [63], would constitute her last amendment; (2) this Court granted Plaintiff's former counsel's motion to withdraw following its admonishment to assess the good-faith basis for the matter under Rule 11, [60]; and (3) any amendment would be futile given that res judicata bars relitigating the state court case. As such, this Court dismisses Plaintiff's Amended Complaint with prejudice.

10

## V. Conclusion

For the reasons explained above, this Court grants Defendant's motion to dismiss Plaintiff's Amended Complaint, [65], with prejudice. All dates and deadlines are stricken. Civil case terminated.

Dated: August 7, 2019

Entered:

_____
John Robert Blakey
United States District Judge